IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA        §
                                §
            Plaintiff,          §
                                §
VS.                             §        NO. 3-11-CV-2878-M
                                §
ERIC DALE CONKLE, ET AL.        §
                                §
            Defendants.         §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

As part of its efforts to collect a $93,364.94 default judgment for federal income taxes,

penalties, and accrued interest, the government has filed a motion for foreclosure and sale of certain

real property owned in part by Eric Dale Conkle, and to require any occupants of the property to

vacate the premises within 60 days. In its default judgment dated February 7, 2012, the court found

that the government has a valid federal tax lien against the following real property located in Dallas

County, Texas:

> BEING LOT 14, BLOCK "B" VILLAGE GREENS, SECTION 11,
> AN ADDITION TO THE CITY OF GARLAND, DALLAS
> COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF
> RECORDED IN VOLUME 77048, PAGE 1551, MAP RECORDS,
> DALLAS COUNTY, TEXAS ("the Property").

(*See* Doc. #10 at Page ID 39, ¶ 2). The court further determined that Eric Dale Conkle is the owner

of the Property, subject to the terms and conditions of a Divorce Decree which entitles Sandra Anita

Conkle to one-half of the proceeds from the sale of the Property after payment of any and all costs

-1-

of sale. (*Id.* at Page ID 40, ¶ 4).[1]  Finally, the court authorized the government to collect the default

judgment by foreclosing upon and selling the Property, distributing 50% of the net sale proceeds to

Sandra Anita Conkle, and applying the remaining 50% of net sale proceeds to Eric Dale Conkle's

tax liabilities. (*Id.* at Page ID 40, ¶ 5).  The instant motion seeks authorization to conduct that

foreclosure sale.

A hearing on the motion was set for 9:00 a.m. on May 25, 2012, before U.S. Magistrate

Judge Jeff Kaplan.  Sandra Anita Conkle appeared *pro se*.  Although duly notified of the hearing,

Eric Dale Conkle failed to appear.  At the hearing, Sandra Anita Conkle claimed sole ownership of

the Property and objected to the foreclosure sale.  Because the default judgment in this case

specifically authorizes the government to collect the tax liabilities owed by Eric Dale Conkle "by

foreclosing upon and selling the Property[,]" Sandra Anita Conkle cannot make a  "sole ownership"

claim unless and until that judgment is set aside.  Rather than proceed with the hearing, the court

deferred action on the government's motion for 30 days to give Sandra Anita Conkle an opportunity

to consider her legal options and, if appropriate and supported by law, to challenge the default

judgment. (*See* Doc. #21). As of today, Sandra Anita Conkle has not taken any action in that regard.

After considering the government's motion and the other papers on file in this cause, the court

determines that the relief sought is authorized by 26 U.S.C. § 7403, which allows the government

to bring suits in federal district court to enforce liens against property owned by delinquent

taxpayers, and authorizes the court to decree the sale of such property and to distribute the proceeds

---

[1]  The Property was originally owned by Edwin Ray Conkle and his wife, Sandra Anita Conkle.  On April 24, 2006, after the Conkles divorced, Edwin Ray Conkle conveyed all of his right, title, and interest in and to the Property to Eric Dale Conkle.  That conveyance was subject to the terms and conditions of the Conkle divorce decree. (*See* Doc. #1 at Page ID 3-4, ¶¶ 10-12).

thereof. *See United States v. Rogers*, 461 U.S. 677, 693-94, 103 S.Ct. 2132, 2142, 76 L.Ed. 236 (1983) (section 7403 contemplates "not merely the sale of the delinquent taxpayer's own interest, but the sale of the entire property . . ., and the recognition of third-party interests through the mechanism of judicial valuation and distribution").   Indeed, at least four judges in this district have granted similar relief in cases involving the collection of delinquent taxes. *See, e.g. United States v. Ware*, No. 4-10-CV-787-Y (N.D. Tex. Dec. 21, 2011) (authorizing PALS to sell property and requiring occupants to vacate premises); *United States v. Grider*, No. 3-10-CV-0582-D (N.D. Tex. May 31, 2011) (same); *United States v. Jaramillo*, No. 3-09-CV-2374-N (N.D. Tex. Nov. 4, 2010) (same); *United States v. Sheets*, No. 3-08-CV-1303-K (N.D. Tex. Aug. 12, 2009) (same).

## RECOMMENDATION

The government's motion for order of foreclosure sale and to vacate [Doc. #13] should be granted in its entirety.  The court should enter the proposed order attached hereto as Exhibit "A."

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED:   June 27, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:11-cv-2878 |
| | ) | |
| ERIC DALE CONKLE and | ) | |
| SANDRA ANITA CONKLE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF FORECLOSURE SALE AND TO VACATE

Now before the Court is the United States' Motion for Order of Foreclosure Sale and to

Vacate. The Court finds that this motion should be GRANTED. It is **ORDERED,**

**ADJUDGED AND DECREED** as follows:

1.      Pursuant to 28 U.S.C. § 2001, § 2002 and § 2004, the Internal Revenue Service

Property Appraisal & Liquidation Specialists ("PALS") are authorized to offer for public sale

and to sell the following property, together with any improvements, buildings, and

appurtenances:

> BEING LOT 14, BLOCK "B" VILLAGE GREENS, SECTION
> 11, AN ADDITION TO THE CITY OF GARLAND, DALLAS
> COUNTY, TEXAS, ACCORDING TO THE MAP THEREOF
> RECORDED IN VOLUME 77048, PAGE 1551, MAP
> RECORDS, DALLAS COUNTY, TEXAS. ("the Property")

2.      The PALS are authorized to have free access to the Property and to take all

actions appropriate to preserve the Property, including, without limitation, retaining a locksmith

or other person to change or install locks or other security devices on the Property, until the deed

thereto is delivered to the successful purchaser.

1

EXHIBIT "A"

3.      The terms and conditions of the sale of the Property are as follows:

a.      The sale of the Property shall be free and clear of all liens or other claims of any party to this proceeding;

b.      The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property and easements and restrictions of record, if any;

c.      The sale of the Property by public auction shall be held on the front steps of the Dallas County, Texas Courthouse or on the Property in accordance with the provisions of 28 U.S.C. § 2001, § 2002 and § 2004;

d.      The date and time for sale is to be announced by the PALS;

e.      After the PALS have determined the date and time for sale, they shall insert the same in the Notice of Sale and shall promptly mail a copy of the Notice of Sale, by regular mail and by certified mail, return receipt requested, to each of the following:

Holly Church
U.S. Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas  75201
Attorney for United States

Eric Dale Conkle
3430 Latham Drive
Garland, TX 75044

Sandra Anita Conkle
1824 Crescent Drive
Apt. 620
Sherman, TX 75092

2

f.      The date and time of such public auction sale shall also be announced by the PALS by advertising the Notice of Sale once each week for four (4) consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Dallas County, Texas, and at the discretion of the PALS, by any other notice that the PALS deem appropriate. The Notice of Sale will contain a description of the Property and the terms and conditions of the sale in this Order;

g.      The minimum bid will be determined by the PALS and shall be inserted into the Notice of Sale. If the minimum bid is not met or exceeded, the PALS may, without further permission of the Court, and under the terms and conditions in this Order, hold a new public sale, if necessary, and reduce the minimum bid;

h.      Each successful bidder shall be required to deposit with the PALS at the time of the sale a minimum of ten percent (10%) of the bid, with the deposit to be made by certified check or cashier's check, payable to the United States District Court, immediately upon the Property being struck off and awarded to the highest bidder. Before being permitted to bid at the sale, bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be received from anyone who has not presented that proof;

i.      The balance of the purchase price for the Property shall be paid to the PALS within thirty (30) days after the date the bid is accepted by a certified or cashier's check, payable to the United States District Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover

3

the expenses of the sale, with any amount remaining to be applied to the federal tax liabilities of Eric Dale Conkle. The Clerk shall distribute the deposit as directed by the PALS by check made payable to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this Order, or in the alternative, sold to the second highest bidder. The United States may bid as a credit against its judgment without tender of cash;

j.      The Clerk of the Court shall receive and deposit all funds collected as a result of the foreclosure sale of the Property into the Registry of the Court. Such funds shall then be deposited by the Clerk of the Court into an interest bearing account for later distribution;

k.      The sale of the Property will confirm itself within thirty-five (35) days from the date of sale, unless someone objects to the sale. Upon this confirmation of the sale, the IRS will execute and deliver a deed conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by any parties to this action are discharged and extinguished; and

l.      The sale is ordered under 28 U.S.C. § 2001, § 2002 and § 2004 and is made without right of redemption.

4.      Until the Property is sold, Eric Dale Conkle and Sandra Anita Conkle will not commit waste against the Property, nor shall they cause or permit anyone else to do so. They will not do anything which tends to reduce the value or marketability of the Property, nor will they cause or permit anyone else to do so. They will not record any instruments or liens against

4

the Property, publish any notice, or engage in any other action (such as running newspaper advertisements) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to discourage potential bidders from participating in the public auction, nor will they cause or permit anyone else to do so.

5.      All persons occupying the Property in any manner will vacate the Property permanently within sixty (60) days of the date of this Order ("the vacate date"), each taking their own personal property, but leaving all improvements, possible buildings, fixtures, and appurtenances to the Property.  If any person fails to vacate the Property by the vacate date, the U.S. Marshals Service and/or the IRS are authorized and directed to take all actions that are reasonably necessary to bring about the ejectment of those persons.  If any person fails to remove his or her personal property from the Property by the vacate date, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the IRS is authorized to remove it and to dispose of it in any manner the IRS sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution.

6.      Any attempt to reenter the Property after the vacate date could subject that person to being found in contempt of the Court, and such contempt could be punishable by a fine, incarceration, or both.  The United States Marshal shall provide notice of this Order to Eric Dale Conkle, Sandra Anita Conkle, and any other resident of the Property by hand delivery or by leaving it in a prominent location at the Property.

7.      No later than two (2) business days after vacating the Property, Eric Dale Conkle

shall notify counsel for the United States of a forwarding address where he can be reached. Notification shall be made by contacting the attorney for the United States, Holly Church, at (214) 880-2432 or at holly.m.church@usdoj.gov.

8.      After the sale is confirmed, the Court shall distribute the proceeds of the sale, as far as they shall be sufficient, to the following items in the order specified:

a.      First, to the IRS for the costs of the sale;

b.      Second, to Dallas County for any ad valorem taxes due on the Property;

c.      Third, the remainder of the net proceeds will be divided. Fifty percent (50%) of the net proceeds will be paid to Sandra Anita Conkle and fifty percent (50%) of the net proceeds will be paid to the United States to be applied to Eric Dale Conkle's tax liabilities. If the sale results in Eric Dale Conkle's tax liabilities being fully satisfied, any additional proceeds from Eric Dale Conkle's one-half interest shall be paid to Eric Dale Conkle.

9.      The Clerk shall immediately mail a copy of this Order to all counsel and parties of record.

DATED _____day of _____, 2012.

_____
UNITED STATES DISTRICT JUDGE

6